IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|     PLAINTIFF, | § | |
| | § | |
| V. | § | CASE NO. 3:22-CV-1148-S |
| | § | |
| ISAIAS TORRES | § | |
| D/B/A TORRES ROOFING, | § | |
|     DEFENDANT. | § | |

**FINDINGS, CONCLUSIONS & RECOMMENDATIONS
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the United States district judge's referral, Doc. 11, *United States' Motion for Default Judgment*, Doc. 10, is before the Court for the issuance of findings and a recommended disposition. For the reasons that follow, Plaintiff's motion should be **GRANTED**.

**I. BACKGROUND**

On May 25, 2022, Plaintiff filed this action against Defendant to recover debts owed to the Occupational Safety and Health Administration ("OSHA"), pursuant to s, for violations of the Occupational Safety and Health Act of 1970. Doc. 1 at 2-9. Plaintiff served Defendant with process on July 29, 2022. Doc. 6. After Defendant failed to timely file an answer or make an appearance in the case, the Clerk entered a default against Defendant at Plaintiff's request. Doc. 8; Doc. 9. Plaintiff then filed this motion for default judgment under Federal Rule of Civil Procedure 55 to recover damages, prejudgment penalty and interest, post-judgment interest, and costs. Doc. 10 at 2.

## II. APPLICABLE LAW

Rule 55 authorizes a court to enter a default judgment against a defendant who fails to plead or otherwise defend against a plaintiff's claim. FED. R. CIV. P. 55. "Default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989) (internal footnote omitted). A party is not entitled to a default judgment merely because the defendant is technically in default. *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996) (citation omitted). Rather, "the entry of a default judgment is [generally] committed to the discretion of the district [court]." *Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977).

Courts developed a three-part analysis to determine whether to enter a default judgment against a defendant. *United States v. 1998 Freightliner Vin #: 1FUYCZYB3WP886986*, 548 F. Supp. 2d 381, 384 (W.D. Tex. 2008). First, in assessing whether the entry of a default judgment is procedurally warranted, courts consider several factors, including:

> whether material issues of fact are at issue, whether there has been substantial prejudice, whether the grounds for default are clearly established, whether the default was caused by a good faith mistake or excusable neglect, the harshness of a default judgment, and whether the court would think itself obliged to set aside the default on the defendant's motion.

*Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998). Second, courts assess the substantive merit of the plaintiff's pleadings to determine whether there is a sufficient factual basis for default judgment. *See Nishimatsu Constr. Co., v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (finding that a plaintiff must plead sufficient facts to show it is entitled to relief). Third, courts determine what form of relief, if any, the plaintiff should receive. *See Freightliner Vin #: 1FUYCZYB3WP886986,* 548 F. Supp. 2d at 384.

### III. ANALYSIS

  *A. Default Judgment is Procedurally Warranted.*

  Based on the *Lindsey* factors, Defendant's motion for default judgment is procedurally warranted. First, there are "no material issues of fact in dispute," as Defendant failed to answer Plaintiff's complaint or otherwise appear before the Court. *United States v. Aliyu*, No. 3:14-CV-1424-B, 2014 WL 5697966, at *2 (N.D. Tex. Nov. 4, 2014) (Boyle, J.) (holding that because the defendant had not filed any responsive pleadings, there were no material facts in dispute); *see also Nishimatsu Constr. Co.*, 515 F.2d at 1206 (noting that "[t]he defendant, by his default, admits the plaintiff's well-pleaded allegations of fact."). Second, Defendant's failure to respond threatens to halt the adversary process and "effectively prejudice Plaintiff's interests." *United States v. Holland*, No. 3:17-CV-0938-B, 2018 WL 354542, at *2 (N.D. Tex. Jan. 10, 2018) (Boyle, J.) (citation omitted). Third, the grounds for default are clearly established given that Plaintiff served Defendant with the complaint, and Defendant has failed to answer or otherwise defend his case over the past six months. *Cf. Elite v. The KNR Grp.*, 216 F.3d 1080, 2000 WL 729378, at *1 (5th Cir. 2000) (Table) (per curiam) (holding that default judgment was inappropriate where a defendant sent a letter to the court explaining that his failure to appear was due to financial privation). Fourth, there is no evidence before the Court to indicate that Defendant's silence is the result of a "good faith mistake or excusable neglect." *See United States v. Garza*, No. 3:19-CV-0188-S, 2019 WL 4452147, at *3 (N.D. Tex. Aug. 22, 2019) (Ramirez, J.) (finding that it is the defendant's duty to offer evidence to show his failure to answer was in good faith or excusable). Fifth, entry of a default judgment against Defendant will not be unusually harsh as Plaintiff only seeks the relief it is entitled to under law for Defendant's OSHA citations. *See United States v. Villalon*, No. 3:17-CV-0522-B, 2017 WL 4409028, at *2

(N.D. Tex. Oct. 4, 2017) (Boyle, J.) (finding that the harshness of a default judgment is mitigated when a plaintiff seeks only the relief the law provides). Lastly, "the Court is not aware of any facts that would give rise to 'good cause' to [obligate the Court to] set aside the default if challenged by Defendant." *Id.* (citing Lindsey, 161 F.3d at 893).

### B. Default Judgment is Substantively Warranted.

The defendant, by his default, is deemed to have admitted the well-pleaded allegations in Plaintiff's complaint. *Nishimatsu Constr. Co.*, 515 F.2d at 1206 (citing *Ohio Cent. R.R. Co. v. Cent. Trust Co. of N.Y.*, 133 U.S. 83 (1889)). A default judgment is unassailable on the merits but only as to the well-pleaded allegations, assumed to be true. *Id.*; *see Thomson v. Wooster*, 114 U.S. 104, 113 (1885) (stating that a default judgment may be lawfully entered only "according to what is proper to be decreed upon the statements of the bill, assumed to be true," and not "as of course according to the prayer of the bill."). As such, the Court must review the pleadings to determine whether they provide a sufficient basis for the plaintiff's claim for relief. *Nishimatsu Constr. Co.*, 515 F.2d at 1206. In conducting this analysis, courts look to the pleading requirements set out in Rule 8(a)(2). *See Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 498 (5th Cir. 2015) (relying on Rule 8 to determine the sufficiency of a complaint in a default judgment action); FED. R. CIV. P. 8(a)(2) (providing the requirements for a well-pleaded claim for relief).

Plaintiff seeks to enforce payment of Defendant's OSHA citations, which were issued pursuant to 29 U.S.C. § 666. Doc. 1 at 2-9. Plaintiff's complaint and attached exhibits show OSHA issued Defendant several citations because he repeatedly exposed his employees to fall hazards due to a lack of preventative safety measures and protective equipment. Doc. 1 at 12-13, 22, 31, 49-50; *see Villalon*, 2017 WL 4409028, at *3 (finding that a default judgment was

4

substantively warranted as the defendant violated OSHA by failing to provide his employees with protection from falls and flying materials). The OSHA violations in Plaintiff's pleadings "are sufficient to provide Defendant with fair notice" of Plaintiff's claims. *Villalon*, 2017 WL 4409028, at *3 (quotation omitted). Further, Defendant is not an infant, incompetent, or entitled to relief under the Servicemembers Civil Relief Act—50 U.S.C. App. § 501 *et seq*. *See* Doc. 10-1 at 7-8. Thus, Plaintiff's filings establish that a default judgment against Defendant is substantively warranted.

    C. **The Government's Claim is for a Sum Certain.**

Finally, the Court must determine what form of relief, if any, Plaintiff should receive. "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." FED. R. CIV. P. 54(c). A hearing to decide damages is unnecessary "if the amount of damages can be determined with mathematical calculation by reference to the pleadings and supporting documents." *Green as Tr. Of Green Childs. Tr. v. Coord*, LLC, No. 3:18-CV-2141-B, 2018 WL 5267518, at *2 (N.D. Tex. Oct. 23, 2018) (Boyle, J.); *see James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993) (stating that Rule 55(b)(2) "explicitly grants [a] district court wide latitude" to conduct hearings *or refer to the pleadings* when determining the amount of damages in a default judgment claim). "The burden is on the plaintiff to provide an evidentiary basis for the damages it seeks." *Garza*, 2019 WL 4452147, at *4 (citation omitted).

Plaintiff's pleadings show that, as of April 13, 2022, Defendant owes $64,694.00 for failure to pay his OSHA citations, which includes the principal, pre-judgment interest, penalties, and fees for each citation. Doc. 1 at 6, 16, 25, 34, 43, 53; Doc. 10-1 at 2-6. To establish the total amount owed, Plaintiff has proffered OSHA certificates of indebtedness as well as a declaration from its attorney affirming that "no payments or credits have been received or applied to

Defendant's account since the execution of the Certifications of Indebtedness included in this appendix." Doc. 10-1 at 7; s*ee Garza*, 2019 WL 4452147, at *4 (considering the plaintiff's certificate of indebtedness and attorney's declaration when determining the appropriate amount of damages).

On this record, a hearing is unnecessary because the amount of monetary damages is readily ascertainable from Plaintiff's pleadings and capable of mathematical calculation. *Id.* Specifically, Plaintiff has established its entitlement to a default judgment in the amount of $64,694.00, plus post-judgment interest and costs. *See* 28 U.S.C. § 1961(a) (providing that post-judgment interest is calculated using "the weekly average 1-year constant maturity Treasury yield, as published by . . . the Federal Reserve System for the calendar week preceding the date of the judgment."); FED. R. CIV. P. 54(d)(1) (stating that costs should be awarded to the prevailing party unless prohibited by a federal statute, the Federal Rules of Civil Procedure, or a court order).

## IV. CONCLUSION

For the foregoing reasons, *United States' Motion for Default Judgment*, Doc. 10, should be **GRANTED** in the amount of $64,694.00 for unpaid debts as of April 13, 2022, post-judgment interest at the applicable federal rate from the date of judgment until paid in full, and reasonable court costs.

**SO RECOMMENDED** on January 19, 2023.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(B).  An objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate where in the magistrate judge's report and recommendation the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).